IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOSEPH E. LAWRENCE, | CV 20–85–H–DWM |
| Plaintiff, | |
| vs. | ORDER |
| LARRY PASHA, et al., | |
| Defendants. | |

In November 2020, Plaintiff Joseph E. Lawrence filed a motion to proceed
in forma pauperis on a complaint alleging that his Fourteen Amendment right to
bodily integrity and his Eighth Amendment right to be free from cruel and unusual
punishment were violated when Defendant Larry Pasha subjected him to a sexually
assaultive "pat search" and the other defendants did nothing to intervene.  (Docs. 1,
2.)  That complaint also included state tort claims.  (*Id.*)  Lawrence's motion to
proceed in forma pauperis was granted and he was given leave to amend his
complaint to articulate his claims more clearly.  (Doc. 5.)  On December 17, 2020,
Lawrence filed an amended complaint, (Doc. 7), which defendants were ordered to

1

answer on May 27, 2021, (Doc. 9).  Counsel was then appointed under the District's pro bono program.  (Doc. 13.)  The defendants now request that these proceedings to be stayed under the abstention principles articulated in *Younger v. Harris*, 401 U.S. 37 (1975).  (Doc. 15.)  That motion is denied.

   In December 2020, Lawrence filed a similar *pro se* complaint in Montana's Third Judicial District based on the same set of facts underlying this case. *Younger*, however, does not apply in these circumstances.  As argued by Lawrence, "federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant." *Sprint Comm'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).  Thus, *Younger* abstention is triggered in only three "exceptional" circumstances: (1) a parallel, pending state criminal proceeding; (2) "state civil proceedings that are akin to criminal prosecutions"; and (3) proceedings "that implicate a State's interest in enforcing the order and judgments of its courts." *Id.* at 72–73, 78; *see also id.* at 82 ("*Younger* extends to the[se] three 'exceptional circumstances' . . . but no further.").  Because this case presents none of the circumstances the Supreme Court has recognized as "exceptional," the general rule controls: "The pendency of an action in a state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* at 73 (quoting *Colo. River Watch Conser. Dist. v. United States*, 424 U.S. 800, 817 (1976)) (alterations omitted).

2

Accordingly, IT IS ORDERED that the defendants' motion to stay (Doc. 15) is DENIED.

DATED this 30 day of July, 2021.

_____
Donald W. Molloy, District Judge
United States District Court

3