IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOSEPH E. LAWRENCE,<br><br>  Plaintiff,<br><br>vs.<br><br>LARRY PASHA, et al.,<br><br>  Defendants. | CV 20–85–H–DWM<br><br><br>ORDER |

Plaintiff Joseph E. Lawrence alleges that he was sexually assaulted by Defendant Larry Pasha, a correctional officer at Montana State Prison, during a pat-down search that occurred in September 2019. (*See* Docs. 1, 2, 52.) He filed suit in this Court on November 23, 2020. (*See* Doc. 1.) However, Lawrence filed a similar complaint in Montana's Third Judicial District Court, Powell County in December 2020. Accordingly, this matter was stayed on December 12, 2022, pending Lawrence's appeal to the Montana Supreme Court after the state district court granted Defendants' motion for summary judgment, (*see* Doc. 68-1), and entered judgment in Defendants' favor, (*see* Doc. 68-2). (*See* Doc. 71.) On August 8, 2023, the Montana Supreme Court issued its ruling, affirming summary judgment in favor of Defendants. (*See* Doc. 82-1.) Accordingly, the stay is lifted. And, for the reasons stated below, Lawrence's claims against Defendants are

1

dismissed with prejudice.

As discussed in the December 12 Order, this Court is collaterally estopped from reviewing Lawrence's claims against Pasha or other staff members for the alleged incident itself, (*see* Doc. 71), and those claims are dismissed. Thus, Lawrence's only remaining claim alleges supervisors and other staff members were deliberately indifferent to his constitutional rights when they assigned Pasha to Lawrence's unit after Lawrence accused Pasha of inappropriate conduct. (*See id.* at 9–10; Doc. 52 at 16–17.) Because that claim was added after Lawrence's complaint was prescreened under 28 U.S.C. §§ 1915 and 1915A, (*see* Doc. 9), the Court must determine whether the case may proceed on those grounds alone. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (instructing that "the court shall dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim on which relief may be granted" (emphasis added)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). Nevertheless, *pro se* pleadings are construed liberally to "afford the petitioner the benefit of any doubt." *Watison*, 668 F.3d at 1112 (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Lawrence claims that Jim Salmonsen, Warden; Brian Gootkin, Director of Montana DOC; and "Yet to be named MSP Command Post staff responsible for the placement of Pasha in C-Unit" violated his Eighth and Fourteenth Amendment rights when they assigned Pasha to Lawrence's unit after Lawrence complained about his conduct and "[o]n the days when Pasha was assigned to C-Unit, Pasha would stand at the end of the 'chow' service line and 'stare down' plaintiff as plaintiff went through the chow line."[1] (Doc. 52 at 16, 22–24.) Because this allegation fails to state a viable claim, it is also dismissed.

---

[1] Although Lawrence also appears to allege claims on behalf of "staff members" that were assaulted by Pasha, (*see* Doc. 52 at 15), he lacks standing to pursue those claims, *see Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) ("[A] party generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." (internal quotation marks omitted)).

"After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Jordan v. Gardner*, 986 F.2d 1521, 1525 (9th Cir. 1993) (en banc) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Under traditional Eighth Amendment analysis, [courts] first consider whether there is an 'infliction of pain,' and, if so, whether that infliction is 'unnecessary and wanton.'" *Id.* While the alleged pain may be either physical or psychological, *see id.* at 1524–25, the "inmate must objectively show that he was deprived of something 'sufficiently serious,'" *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Here, the "insult" Lawrence allegedly suffered when Pasha was reassigned to his unit does not rise to the level of psychological pain required to state an Eighth Amendment claim. *Cf. Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) (explaining that "the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons" that does not violate the Eighth Amendment) (collecting cases). Thus, Lawrence's Eighth Amendment claim fails on this foundational basis.

Nor does Lawrence state a viable claim for retaliation to the extent his claim can be construed as an invocation of his First Amendment right to pursue a grievance against Pasha. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.

2009). A retaliation claim has five elements: the plaintiff must allege that (1) the retaliated-against conduct is protected; (2) the defendant took adverse action against the plaintiff; (3) a causal connection exists between the adverse action and the protected conduct; (4) the official's actions would chill or silence future First Amendment conduct; and (5) the action did not advance a legitimate penological interest. *Id.* While the filing of a grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), Lawrence fails to allege the remaining elements of a retaliation claim. Although the Ninth Circuit has recognized that reassignment of an inmate within a facility or between facilities can rise to the level of adverse action, *see Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995), such analysis does not necessarily extend to assigning a particular guard to a unit containing a particular prisoner. Even if it did, however, Lawrence fails to allege a causal connection between his complaint and Pasha's assignment or that the assignment lacked a valid penological interest. To the contrary, Lawrence alleges that the Montana State Prison attempted to terminate Pasha but was forced to place him back on the duty roster following Pasha's successful appeal of his termination. (*See* Doc. 52 at 16.) Moreover, Pasha was allegedly assigned to C-Unit *three years* after the incident occurred and *eighteen months* after the present case was filed.

Based on the foregoing, Lawrence fails to state a plausible constitutional

claim for relief as it relates to Pasha's assignment to his unit after the incident. And because the failures identified above cannot be cured by amendment, dismissal is appropriate.

Accordingly, IT IS ORDERED that:

(1) The December 12, 2022 STAY is LIFTED.

(2) Lawrence's claims are DISMISSED WITH PREJUDICE.

(3) The Clerk is Directed to enter judgment in favor of Defendants and against Lawrence and close the case file.

DATED this 21st day of August, 2023.

_____
Donald W. Molloy, District Judge
United States District Court